UNTIED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARMANI MARSMAN,<br>　　Plaintiff,<br><br>v.<br><br>MASSACHUSETTS BAY<br>TRANSIT AUTHORITY (a misnomer)<br>　　Defendant | DOCKET NO. 1:24-cv-13218-RGS |

DEFENDANT MASSACHUSETTS BAY TRANSPORTATION AUTHORITY'S ANSWER
TO PLAINTIFF'S COMPLAINT

The defendant Massachusetts Bay Transportation Authority (MBTA) hereby answers the numbered paragraphs of the Plaintiff's Amended Complaint as follows:

I.   NATURE OF THE CLAIM

1. The paragraph calls for a legal conclusion and does not contain any factual allegations necessitating a response. To the extent that any response is required, the allegations in the paragraph are denied.

2. The paragraph calls for a legal conclusion and does not contain any factual allegations necessitating a response. To the extent that any response is required, the allegations in the paragraph are denied.

II.   PARTIES

3. The defendant admits that the plaintiff was formerly employed by the MBTA. The defendant is without sufficient knowledge to admit or deny the remaining allegations contained in this paragraph.

4. The defendant denies that its proper name is "Massachusetts Bay Transit Authority" as it has been identified in this paragraph. The defendant admits that it provides public transportation in Massachusetts and that its principal place of business is 10 Park Plaza, Boston, MA. The remaining allegations in this paragraph calls for a legal conclusion and does not contain any factual allegations necessitating a response. To the extent that any response is required, the allegations in the paragraph are denied.

### III. PROCEDURAL REQUIREMENTS

5. The defendant admits that the plaintiff filed a charge of discrimination with the Massachusetts Commission Against Discrimination (MCAD) on March 17, 2023. the remaining allegations contained in this paragraph are denied.

6. The defendant admits that it filed its position statement with the MCAD on June 12, 2023.

7. The defendant admits the allegations contained in this paragraph.

8. The defendant admits that the MCAD waived plaintiff's matter to the EEOC on July 10, 2024.

9. The defendant admits that the EEOC issued a determination and notice of rights on October 22, 2024.

10. The defendant denies the allegations contained in this paragraph. More specifically, and with particularity, the defendant submits that the plaintiff failed to meet the procedural prerequisites of his state law claims, failed to file his claims within the statutes of limitations, and failed to properly exhaust available administrative remedies.

### IV. JURISDICTION AND VENUE

11. The paragraph calls for a legal conclusion and does not contain any factual allegations necessitating a response. To the extent that any response is required, defendant does not dispute that this court has jurisdiction over this action.

12. The paragraph calls for a legal conclusion and does not contain any factual allegations necessitating a response. To the extent that any response is required, defendant does not dispute that this court has jurisdiction over this action.

13. The paragraph calls for a legal conclusion and does not contain any factual allegations necessitating a response. To the extent that any response is required, defendant does not dispute that this court has jurisdiction over this action.

## V. ALLEGED FACTUAL BACKGROUND

14. The defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph.

15. The defendant admits the allegations contained in this paragraph.

16. The defendant admits the allegations contained in this paragraph.

17. The defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph.

18. The defendant denies that the plaintiff "generally fulfilled expectations" related to his role as an MBTA surface lines operator. The defendant admits that the plaintiff was suspended for violating the MBTA's attendance policy.

19. The defendant is without sufficient knowledge to admit or deny the allegations contained in this paragraph.

20. The defendant admits the allegations contained in this paragraph.

21. The defendant admits the allegations contained in this paragraph.

22. The defendant admits the allegations contained in this paragraph.

23. The defendant admits the allegations contained in this paragraph.

24. The defendant admits the allegations contained in this paragraph.

25. The defendant admits the allegations contained in this paragraph.

26. The defendant admits the allegations contained in this paragraph.

27. The defendant admits the allegations contained in this paragraph.

28. The defendant admits that the plaintiff completed the self-attestation form on or about October 17, 2021. The defendant denies that the plaintiff applied for a religious exemption at any time during his employment with the MBTA.

29. The defendant admits the allegations contained in this paragraph.

30. The defendant admits the allegations contained in this paragraph.

31. The defendant admits that the Office of Diversity and Civil Rights is an internal office of the MBTA charged with, among other things, processing religious exemption requests related to the MBTA's COVID-19 vaccination policy. The defendant denies the remaining facts alleged in this paragraph.

32. The defendant admits that the plaintiff interviewed for the position of Spare Bus Dispatcher. The defendant further admits that the plaintiff's interview score was insufficient. The defendant denies the remaining facts alleged in this paragraph.

33.  The defendant admits the facts alleged in this paragraph.

34. The defendant admits the facts alleged in this paragraph.

35. The defendant admits the facts alleged in this paragraph.

36. The defendant admits the facts alleged in this paragraph.

37. The defendant admits the facts alleged in this paragraph so far as the correctly state the date upon which the MBTA issued the plaintiff a 60-day Disqualification Pending Administrative Separation Notice. The defendant denies that the plaintiff ever requested an exemption from the MBTA's Vaccination Policy.

38. The defendant admits that the plaintiff received two checks after his disqualification, both in the amount of $0 and that plaintiff was awaiting approval of requested Family Medical Leave. The defendant denies the remaining allegations contained in this paragraph.

39. The defendant admits that it alerted employees that it rescinded its vaccination on December 22, 2022, due to significantly changed circumstances of the pandemic. The defendant lacks sufficient knowledge to admit or deny the remaining allegations in this paragraph.

40. The defendant admits that it sent a letter to the plaintiff on December 22, 2022, alerting him to the change in vaccination policy and inviting him to return to work and instructing him to reach out to the MBTA human resources department within 30 days of the notice. The MBTA further admits that it sent a formal notice inviting the plaintiff to return to work on January 9, 2023, and that the notice instructed that if no response was received within 30 days of the notice, the defendant would consider the plaintiff to have resigned from his position. The defendant denies the remaining facts alleged in this paragraph.

41. The defendant denies the allegations in this paragraph.

42. The defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

43. The defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

44. The defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

45. The defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

46. The defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

47. The defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

48. The defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

49. The defendant admits that the plaintiff resigned per the return to work invitation that he received on January 9, 2023, and ignored. The defendant denies the remaining allegations in this paragraph.

50. The defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

51. The defendant denies that the Charge of Discrimination was filed on March 3, 2023.

52. The defendant admits that the MCAD received the MBTA's position statement on June 12, 2023.

53. The defendant admits the allegations contained in this paragraph.

54. The defendant admits the allegations contained in this paragraph.

55. The defendant admits the allegations contained in this paragraph.

56. The defendant denies the allegations contained in this paragraph.

57. The defendant denies the allegations contained in this paragraph.

58. The defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

### VI.  STATEMENT OF CLAIMS

59. The defendant realleges, restates and re-avers its responses to the number paragraphs above and incorporates those responses by reference as if they were fully set forth herein.

### COUNT I

60. The defendant realleges, restates and re-avers its responses to the number paragraphs above and incorporates those responses by reference as if they were fully set forth herein.
61. The defendant denies the allegations contained in this paragraph.
62. The defendant denies the allegations contained in this paragraph.
63. The defendant denies the allegations contained in this paragraph.
64. The defendant denies the allegations contained in this paragraph.
65. The defendant denies the allegations contained in this paragraph.
66. The defendant denies the allegations contained in this paragraph.
67. The defendant denies the allegations contained in this paragraph.
68. The defendant denies the allegations contained in this paragraph.
69. The defendant denies the allegations contained in this paragraph.

### COUNT II

70. The defendant realleges, restates and re-avers its responses to the number paragraphs above and incorporates those responses by reference as if they were fully set forth herein.
71. The defendant denies the allegations contained in this paragraph.
72. The defendant denies the allegations contained in this paragraph.
73. The defendant denies the allegations contained in this paragraph.

74. The defendant denies the allegations contained in this paragraph.

75. The defendant denies the allegations contained in this paragraph.

76. The defendant denies the allegations contained in this paragraph.

## COUNT III

77. The defendant realleges, restates and re-avers its responses to the number paragraphs above and incorporates those responses by reference as if they were fully set forth herein.

78. The defendant denies the allegations contained in this paragraph.

79. The defendant denies the allegations contained in this paragraph.

80. The defendant denies the allegations contained in this paragraph.

81. The defendant denies the allegations contained in this paragraph.

82. The defendant denies the allegations contained in this paragraph.

## COUNT IV

83. The defendant realleges, restates and re-avers its responses to the number paragraphs above and incorporates those responses by reference as if they were fully set forth herein.

84. The defendant denies the allegations contained in this paragraph.

85. The defendant denies the allegations contained in this paragraph.

86. The defendant denies the allegations contained in this paragraph.

87. The defendant denies the allegations contained in this paragraph.

88. The defendant denies the allegations contained in this paragraph.

89. The defendant denies the allegations contained in this paragraph.

## COUNT V

90. The defendant realleges, restates and re-avers its responses to the number paragraphs above and incorporates those responses by reference as if they were fully set forth herein.

91. The defendant denies the allegations contained in this paragraph.

92. The defendant denies the allegations contained in this paragraph.

93. The defendant denies the allegations contained in this paragraph.

94. The defendant denies the allegations contained in this paragraph.

95. The defendant denies the allegations contained in this paragraph.

WHEREFORE, the defendant Massachusetts Bay Transportation Authority denies that the plaintiff is entitled to judgment against the defendant as alleged in her Complaint.

As a separate and distinct defense, the defendant Massachusetts Bay Transportation Authority hereby alleges and interposes the following affirmative defenses:

### FIRST ADDITIONAL DEFENSE:

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND ADDITIONAL DEFENSE:

The plaintiff's claims are barred, in whole or in part, based on her own conduct and pursuant to the doctrine of unclean hands.

### THIRD ADDITIONAL DEFENSE:

Plaintiff's claims should be barred because the defendants' actions and conduct, if any, were premised on legitimate, nondiscriminatory, non-retaliatory reasons.

### FOURTH ADDITIONAL DEFENSE:

The actions or inaction of MBTA were not the proximate cause of plaintiff's alleged injuries, but said injuries, if any, were the result of other intervening and superseding causes for which MBTA was not responsible, as well as the plaintiff's own conduct.

### FIFTH ADDITIONAL DEFENSE:

The plaintiff's claims fail because plaintiff's requested exemption, if granted, would have created an undue hardship upon defendants.

### SIXTH ADDITIONAL DEFENSE:

Plaintiff's complaint is barred by the Statute of Limitations.

### SEVENTH ADDITIONAL DEFENSE:

At all relevant times, the MBTA had an anti-discrimination and anti-retaliation policy in place that prohibited the improper conduct alleged by the plaintiff.

### EIGHTH ADDITIONAL DEFENSE:

Plaintiff's claims are barred because plaintiff has failed to mitigate the damages they claim, or alternatively, the damages are limited to the extent that the plaintiff has failed to mitigate damages.

### NINTH ADDITIONAL DEFENSE:

The plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine to the extent that she engaged in misconduct prior to her resignation that otherwise would have resulted in her discharge if such conduct were then known to the MBTA.

### TENTH ADDITIONAL DEFENSE

The plaintiff's claims fail for failure to exhaust administrative remedies.

The MBTA hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action, and hereby reserves the right to amend its Answer and to assert any such defense by appropriate motion.

WHEREFORE, the defendant Massachusetts Bay Transportation Authority respectfully requests that the Court:

1. Deny the relief sought by the Plaintiff in the Complaint and dismiss the Complaint with prejudice;

2. Award the MBTA its reasonable costs; and

3. Order such other and further relief as the Court deems just and proper.

**THE MBTA DEMANDS A JURY ON ALL ISSUES.**

                        Respectfully Submitted,
                        Defendant, Massachusetts Bay Transportation Authority,
                        By its Attorney,

Date: April 14, 2025            */s/ Scott A. Spencer*
                        Scott A. Spencer, BBO# 678116
                        Senior Lead Counsel for Litigation
                        MassDOT/MBTA Office of the General Counsel
                        Ten Park Plaza, Suite 3510
                        Boston, MA 02110
                        (857) 332-6377
                        sspencer@mbta.com

CERTIFICATE OF SERVICE

      I, Scott A. Spencer, attorney for the defendant Massachusetts Bay Transportation Authority hereby certify that on April 14, 2025, I sent a copy of the foregoing document(s), by electronic service of process, to the plaintiff:

      Raphael B. Hirsch
      RBH Law Group PLLC
      1660 Soldiers Field Road
      Suite: 7 #1073
      Boston, MA 02315
      rhirsch@rbhlawgroup.com

*Scott A Spencer*
Scott A. Spencer